# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

#### DOCKET NO. 3:95-cr-00005-FDW

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SHAWN CHRISTOPHER MOORE,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 725) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion (Doc. No. 743). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. The Government concedes that Defendant is eligible for the reduction, and the Court is inclined to grant it, but for the reasons that follow is unwilling to give Defendant the extent of the reduction he has requested.

Defendant Shawn Christopher Moore was indicted on January 4, 1995, and charged with conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a protected area, in violation of 21 U.S.C. §§ 846 and 841(a). Moore pled guilty on May 19, 1995, accepting responsibility for between 500 grams and 1.5 kilograms of crack cocaine being sold

within 1,000 feet of neighborhood schools and playgrounds.   He also acknowledged a management/supervisor role in the conspiracy, which was ultimately responsible for more than 50 kilograms of crack cocaine, and admitted to the possession of firearms during drug transactions.

It is uncontested that Defendant's original guideline range of imprisonment was between 262 and 327 months, based on an offense level of thirty-nine (39) and a criminal history category of I as calculated by the Guidelines as they existed at the time of Defendant's sentencing. Defendant was also subject to a mandatory statutory minimum of 120 months' imprisonment.  On November 2, 1995,  Defendant was sentenced to 200 months.  Defendant has served 169 months of his sentence and now requests that this Court reduce his sentence to 160 months.[1]  Doing so would not only result in the immediate release of Defendant, but would also create a nine-month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  Id. § 1B1.10(a)(3).  In the Commentary to

---

[1]The offense level after the application of the retroactive amendment would be thirty-seven (37), yielding a guideline range of 210 to 262 months.  Based on U.S.S.G. §1B1.10, the proportionate revised sentence would be 160 months, which is at 76 percent of the low end of the new guideline range; such a sentence would be comparable to the 200 months that he is serving based on the previous 262 to 327 month range.

§ 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that Defendant participated as a source of cocaine for a violent conspiracy that operated from July of 1991 to January of 1995. Defendant supplied large quantities of drugs to the area in which the conspiracy operated, including protected areas, and admitted to possessing firearms during drug transactions. This Court takes pause in granting the full reduction because of Defendant's supervisory role and his possession of dangerous firearms during the course of a drug trafficking conspiracy that operated with a callous disregard for proximity to schools and playgrounds. Although the Court has considered all of the § 3553(a) sentencing factors as they relate to Defendant, facts such as these remind the Court of its responsibility "to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). For that reason, the motion for reduction of sentence can not be granted to the extent requested.

Defendant, however, has done much since incarcerated to prove that the full extent of his remaining sentence may not be necessary to deter future criminal conduct and to protect the public from further crimes of this defendant; it seems that Defendant has been a model prisoner. In his twelve years in federal prison, Defendant does not have one citation for misconduct. He has taken every education course available at FCI Beckley, is the president of the Gavel Club for public

speaking, and is one of two men chosen to speak to children about the dangers of drugs in a Youth Outreach program run by the local District Attorney. Defendant also has no prior convictions on his record. The Court will, therefore, reduce Defendant's sentence by twenty-four (24) months, from 200 months to 176 months. The Court finds that such a reduction is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.[2]

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), a sentence reduction of 24 months resulting in an amended sentence of 176 months is an appropriate reduction. Accordingly, Defendant's motion is GRANTED.

IT IS FURTHER ORDERED that as a condition of supervised release Defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer.

IT IS SO ORDERED.

Signed: May 22, 2008

Frank D. Whitney
United States District Judge

---

[2]The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).